■ PERLMAN & WORTMANN, INC., Appellant-Respondent, v. YONKERS CONTRACTING COMPANY, INC., et al., Respondents-Appellants.— Order, entered July 27, 1960 dismissing complaint for legal insufficiency, unanimously reversed, on the law, with $20 costs and disbursements to plaintiff-appellant-respondent, and the motion for summary judgment under rule 113 of the Rules of Civil Practice denied, with $10 costs, with leave, however, to defendants, if they are so advised, to renew their motion at the conclusion of all pretrial procedures. On a motion for summary judgment under rule 113 the complaint was not properly dismissed for insufficiency in the pleading (Tripp, A Guide to Motion Practice [Rev. ed.], p. 283, § 95, subd. 17). Viewing the record under rule 113, there are issues of fact. The affidavits are in conflict as to the nature of the omissions from plaintiff's bid as presented, and the responsibility for such omissions. On the basic merits of plaintiff's legal theory, there are circumstances in which intentional interference with economic expectancies may engender a

cause of action (see Harper and James, Law of Torts, § 6.11). Thus, the fact that defendant had no obligation to solicit bids from those situated like plaintiff is not determinative. The fact is that defendant did solicit bids, and plaintiff may have thereby incurred a protectible economic interest, especially since the bids required the approval of a third party. Nor may one say on this record that the motive attributed by plaintiff to defendant, namely to favor another, was or was not a legally sufficient excuse or justification for the alleged falsification of plaintiff's bid (*ibid.* § 6.12). Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.